IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREA LAUGHTON** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 15-6622** |
| **v.** | : | |
| | : | |
| **BEST LEGAL SERVICES, INC.** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                                        FEBRUARY 6, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

      Presently before this Court is the *third motion for sanctions*, [ECF 38], filed by Defendant Best Legal Services, Inc. ("Defendant"), in which Defendant seeks the dismissal of this action for failure to prosecute due to the repeated failures of Plaintiff Andrea Laughton ("Plaintiff") to comply with this Court's previous Orders addressing her discovery obligations. In light of the procedural posture of this case, and after having carefully considered and weighed the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), for the reasons set forth, this matter is dismissed for failure to prosecute.

**BACKGROUND**

      On December 15, 2015, Plaintiff filed a complaint in which she asserted claims against Defendant for an alleged failure to pay her overtime wages, as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* [ECF 1]. In response to a motion to dismiss, on March 1, 2016, Plaintiff filed an amended complaint. [ECF 8]. After Defendant filed its answer to the amended complaint, [ECF 15], on August 18, 2016, the parties attended a pretrial conference. [ECF 19]. During the pretrial conference, it became apparent to this Court that the amount in

controversy did not exceed $150,000, and the matter was transferred to the court's arbitration track, [ECF 18], and an arbitration hearing was scheduled for February 7, 2017. [ECF 20].

On November 15, 2016, Defendant filed a motion to compel discovery from Plaintiff. [ECF 21]. In that motion, Defendant outlined Plaintiff's failure to respond to Defendant's interrogatories, requests for production, and requests for admissions. Defendant also complained of Plaintiff's unilateral cancellation on two occasions of Plaintiff's deposition. By Order dated December 5, 2016, this Court granted Defendant's motion to compel, and ordered Plaintiff to serve complete responses to Defendant's written discovery requests and to supplement her initial disclosures by December 16, 2016, and to provide an alternative date for her deposition, which was to be held on or before January 16, 2017. [ECF 24].

By letter dated December 14, 2016, [ECF 25], Plaintiff's counsel advised this Court that he had been unable to make contact with Plaintiff, who he believed to be hospitalized and, therefore, could not comply with the deadlines set forth in this Court's previous Order. The next day, Plaintiff filed a *motion to extend deadlines/stay proceedings*, [ECF 26], which Defendant opposed. [ECF 30]. Defendant also filed a motion for sanctions, [ECF 28], arguing that Plaintiff had failed to comply with this Court's previous discovery Order, and seeking dismissal of the action as a sanction.

By Order dated December 21, 2016, this Court denied Plaintiff's motion to extend deadlines/stay proceedings, and ordered Plaintiff to provide this Court and Defendant with proof of Plaintiff's hospitalization and inability to provide the requested discovery, and the reason for Plaintiff's apparent lack of prosecution of this action. [ECF 31]. That Order advised Plaintiff that her failure to comply may result in the dismissal of the action for failure to prosecute. By Order dated December 22, 2016, [ECF 32], this Court denied Defendant's motion for sanctions,

without prejudice, in light of this Court's December 21, 2016 Order. In response to this Court's Order, by letter dated January 10, 2017, [ECF 33], Plaintiff's counsel again advised this Court of his inability "to locate the Plaintiff or verify her hospitalization."

On January 11, 2017, Defendant filed its second motion for sanctions. [ECF 34]. In it, Defendant outlined Plaintiff's failure to comply with either this Court's Order of December 5, 2016 Order, or this Court's Order of December 21, 2016. In response, Plaintiff's counsel admitted the alleged failures, again attributing them to his inability to locate the Plaintiff. [ECF 35]. By Order dated January 20, 2017, [ECF 37], this Court denied Defendant's second motion for sanctions, without prejudice, but gave Plaintiff until January 31, 2017, to respond to the outstanding discovery requests. That Order again advised Plaintiff that her failure to comply "may result in the dismissal of this action for failure to prosecute and/or failure to comply with this Court's numerous orders pursuant to Federal Rule of Civil Procedure 41(b)."

On February 1, 2017, Defendant filed its underlying third motion for sanctions, in which it outlines Plaintiff's continuing failure to comply with this Court's previous Orders, and notes that the arbitration hearing is scheduled for February 7, 2017. [ECF 38].

**LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) provides that an action may be dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Phila.*, 74 F.3d 1311, 1330 (3d Cir. 1995). Because of the extreme nature of this type of sanction, the Third Circuit Court of Appeals in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir.

1984), instructed district courts to apply a six-factor balancing test to determine whether the entry of such a dismissal order is appropriate. *Id*. at 867-68.

The *Poulis* factors require district courts to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. *Id.* at 868. However, not all of the factors need weigh in favor of entering the dismissal order against a plaintiff nor need be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal). A decision to enter a dismissal order is within the district court's discretion. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

As stated, it is within this Court's discretion to dismiss this case for failure to prosecute should the review and balancing of the *Poulis* factors warrant such a ruling. Therefore, each *Poulis* factor will be briefly addressed and weighed to determine whether Defendant's motion for sanctions should be granted and whether the dismissal of Plaintiff's amended complaint is warranted.

### *1. Extent of Plaintiff's Responsibility*

Though Plaintiff is represented by counsel in this matter, her counsel's letters and filings demonstrate that Plaintiff, herself, is responsible for her repeated failure to comply with this Court's Orders. In particular, Plaintiff's counsel has repeatedly advised this Court of his

inability to locate and/or communicate with Plaintiff. As such, because Plaintiff's failures to cooperate with her counsel and comply with this Court's orders cannot be attributed to counsel or another party, this factor weighs in favor of dismissal.

### 2. *Prejudice to Defendant*

Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to defend against a case and/or prepare for trial. *Ware v. Roadle Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). On August 19, 2016, this matter was transferred to the Court's arbitration track and subsequently scheduled for an arbitration hearing on February 7, 2017. [ECF 18, 20]. Plaintiff's repeated failures to respond to Defendant's numerous discovery requests, or to this Court's numerous Orders directing compliance with her discovery obligations, over a period of at least five (5) months, has prevented Defendant from preparing for the scheduled arbitration or obtaining relief in any way other than by dismissal of this action. Under the circumstances, this factor weighs in favor of dismissal.

### 3. *Plaintiff's History of Dilatoriness*

Plaintiff's dilatory conduct has been outlined. Since first being ordered to comply with her discovery obligations by Order dated December 5, 2016, Plaintiff has repeatedly failed to discharge her discovery obligations. In fact, since at least that date, Plaintiff has failed to communicate with her own attorney in any manner whatsoever. Plaintiff's dilatoriness is further evidenced by her failure to comply with any of this Court's above-described Orders directing Plaintiff to comply with her discovery obligations, all of which advised Plaintiff that her failure to do so may result in dismissal of her action. Indeed, Plaintiff's failure to even communicate with her counsel since at least December 5, 2016, suggests she has abandoned this matter. This factor, therefore, weighs in favor of dismissal.

### *4. Willfulness and Bad Faith Conduct*

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has held that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Plaintiff's repeated failure to comply with this Court's discovery Orders or communicate with her counsel, evidences willfulness. Thus, this factor weighs in favor of dismissal.

### *5. Effectiveness of Sanctions other than Dismissal*

Plaintiff's inaction since at least December 2016, particularly in light of the scheduled arbitration hearing, and her repeated failures to comply with this Court's discovery Orders, have deprived this Court of the ability to fashion, if appropriate, a less severe and more moderate sanction that might ensure future compliance. It appears that Plaintiff has simply ignored this Court's previous Orders, all of which informed her that failure to respond might result in dismissal of her action. In the absence of any mitigating circumstances or offered justification for her lack of action and repeated failures, Plaintiff's conduct makes it clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of dismissal.

### *6. Meritoriousness of Plaintiff's Claim*

A claim is meritorious if the allegations of the pleadings would support recovery if established at trial. *Poulis*, 747 F.2d at 869-70. Given the lack of Plaintiff's full and complete responses to discovery requests, and Plaintiff's failure to provide this Court adequate reason for her lack of prosecution of this action, it is difficult to assess the merits of her claim. This Court, therefore, finds this factor neutral. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

**CONCLUSION**

Having carefully considered and balanced each of the *Poulis* factors, this Court finds that these factors collectively weigh in favor of dismissal.  As such, Plaintiff's claims are dismissed for failure to prosecute.  An Order consistent with this Memorandum Opinion follows.


NITZA I. QUIÑONES ALEJANDRO, J.